## No. 206

LUPSON et v. ZINK, Trustee

Ohio Appeals, 5th Dist., Stark Co.

Motion to certify record overruled 1-18-27, 5 Abs. 44.

**1197. TRUSTEES—The trustee in bankruptcy takes title that the bankrupt had in property fraudulently transferred by him and he is authorized to recover the property for the estate.**

**923. PLEADINGS—Allegations that deed was procured for valuable consideration, that before deed was recorded grantee caused his name to be fraudulently altered to a third party, who took same with knowledge of the fraud, is a sufficient pleading to allege fraud upon creditors in a bankruptcy proceeding.**

### First Publication of this Opinion

SHIELDS, J.

After setting out the adjudication of Frank Lupson as a bankrupt by the United States Court, and the appointment of William J. Zink as trustee in bankruptcy, said trustee in his petition avers that certain real estate was conveyed to Lupson for valuable consideration, but that he did not have same entered for record, nor did he enter said real estate among his assets at the time of filing his schedules of bankruptcy. Further the trustee avers that before causing said deed to be recorded, he fraudulently and with intent to defraud and hinder his creditors, altered and changed the name of the grantee to his sister-in-law, Bella Lupson, and thereupon caused the deed so altered to be recorded, that at the time said grantee's name was altered, the said Bella Lupson had actual knowledge of the bankruptcy proceedings and that she accepted said deed, so altered, for the purpose of defrauding creditors. The trustee asks for reformation of the deed and that the title be decreed to be in said trustee.

Lupson, et. denied all material allegations and upon issues formed the lower court found for Zink. A petition in error was filed in this court by Lupson. The Court of Appeals held:

1. Under the record evidence it is conclusively shown that the deed in question was executed by its former owner to Frank Lupson, and it appears before said deed was left for record, with the county recorder, the name of the grantee in said deed was altered and changed from Frank Lupson to Bella Lupson, and that said real estate was not listed by said Frank Lupson among his assets at the time of filing his schedules in said bankruptcy court.

2. Perhaps the first inquiry suggested by the pleadings is as to whether or not the said Bella Lupson had knowledge of the pendency of bankruptcy proceedings pending against the said Frank Lupson at or before said date mentioned. Aside from the existing family relationship between them, we think that the history of the case shows that she had such knowledge, and that she was also cognizant of the alteration and change of the name in said deed before its delivery to the county recorder for record, and that she had conspired with and aided the said Frank Lupson in the commission of the illegal and fraudulent act here charged.

3. True, fraud is not to be presumed, but proven, and the burden rests upon the defendant in error to make such proof by clear and convincing evidence and in this respect we think such proof appears in this record.

4. If we are correct in this conclusion, then it follows as a matter of law that the reformation of said deed as prayed for should be allowed; that the alteration and change of the name of the grantee in said deed be held to be null and void; and that the title to said real estate be decreed by a decree of this Court to be in said Trustee that the same may be administered on as a part of said bankrupt's estate for the benefit of his creditors, it appearing that his indebtedness is in excess of his assets. That the title of the bankrupt's property passes to his trustee in bankruptcy is recognized by all the text books on bankruptcy.

5. "The trustee takes the title that the bankrupt had in property fraudulently transferred by him and he is authorized to recover the property for the estate."

Judgment therefore affirmed.

Attorneys—John W. Burris and J. A. Jeffers for Lupson et; Harry Nusbaum for Zink; all of Canton.